IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR09-0082 |
| vs. | ORDER FOR DETENTION PENDING SENTENCING |
| STEPHEN SMITH, | |
| Defendant. | |

On the 25th day of May, 2010, this matter came on for hearing on the Motion for Reconsideration of Detention Order Previously Entered by Magistrate Judge (docket number 27) filed by the Defendant on May 19, 2010. The Government was represented by Assistant United States Attorney Charles J. Williams. The Defendant appeared personally and was represented by his attorney, Jane Kelly.

## RELEVANT FACTS

On November 19, 2009, Defendant Stephen Smith was charged by Indictment (docket number 2) with failure to register as a sex offender. A Superseding Indictment (docket number 7) charging the Defendant with the same offense, but with certain technical corrections, was filed on January 12, 2010. At his initial appearance and arraignment on January 14, Defendant pleaded not guilty and trial was scheduled for March 15, 2010. A detention hearing was scheduled for January 19, 2010. Prior to the hearing, however, defense counsel notified the Court that the Defendant agreed to be detained, subject to Defendant's ability to request and receive a prompt hearing on the Government's motion for detention at a later time. Accordingly, the detention hearing was cancelled and Defendant was ordered detained. *See* docket number 17.

1

On March 1, 2010, Defendant appeared before the undersigned magistrate judge and pleaded guilty to the charge in the Superseding Indictment. On March 16, 2010, Chief Judge Linda R. Reade accepted Defendant's guilty plea. A sentencing date has not been set, pending completion of a presentence investigation report by the United States Probation Office.

On May 19, 2010, Defendant filed the instant motion for reconsideration of the detention order. In his brief, Defendant asserts that the "circumstances have changed significantly since the time of the government's motion for detention in this case." Specifically, the parties stipulated at the time of hearing that a warrant for Defendant's arrest, which was previously pending in Coles County, Illinois, has now been quashed.

The facts pertaining to Defendant's detention are found in the pretrial services report submitted by the probation office. Defendant is 53 years old and resided in Zion, Illinois, with his fiancé, Barbara McDaniels, prior to his arrest on the instant charge. According to Defendant, he has been in a relationship with Ms. McDaniels for 16 years, and they have a 14-year-old son. Defendant was previously married to Bernita Hall for ten years and they have three adult children. If released, Defendant would return to live with Ms. McDaniels in Zion.

Defendant attended high school in Chicago until the 12th grade, but did not graduate. From August 2009 until his arrest, Defendant was employed as a truck driver for Tony's Transport Service. Prior to that time, Defendant was self-employed for 18 years doing home repairs and "handyman" work. Defendant was recently diagnosed with high blood pressure, but otherwise has no history of physical or mental health problems. Defendant has no history of substance abuse and denies consuming alcohol.

Defendant has a substantial criminal record, with convictions going back nearly 20 years. In September 1990, Defendant was charged with four counts of forgery. He initially received probation in April 1991. His probation was revoked in February 1992, however, and Defendant was sentenced to two years in prison.

On April 12, 1991, Defendant was charged with three counts of criminal sexual assault. According to the narratives found in the pretrial services report, Defendant had intercourse with a child under the age of 13. On August 31, 1992, Defendant was sentenced to serve six years in prison. Defendant was paroled on January 5, 1994 and was discharged from parole on January 5, 1997.

In February 1997, Defendant was charged and later convicted of disorderly conduct in Ramsey County, Minnesota. Defendant allegedly threw Ms. McDaniels on a bed and then slapped and choked her. On July 16, 1998, Defendant was charged and later convicted of assaulting law enforcement officers on an Air Force base in Texas. Apparently, Defendant became "uncooperative" following a traffic stop and later drove away at a high rate of speed, nearly striking a gate attendant. Later, Defendant slammed on his brakes and attempted to ram an officer's vehicle. Defendant was sentenced to serve nine months in custody. The pretrial services report suggests that Defendant failed to appear while the charge was pending.

In June 2003, Defendant was charged with criminal sexual abuse in Coles County, Illinois. According to the pretrial services report, Defendant committed an act of sexual conduct with a girl under the age of 13 by fondling her vagina over her clothing. On May 15, 2006, Defendant was sentenced to 180 days in jail, after apparently failing to appear on two occasions prior to being sentenced. Subsequent failures to appear resulted in warrants being issued for Defendant's arrest. However, Defendant has paid the outstanding fees and fines associated with the Coles County case, and the parties agree that the warrants have now been quashed.

The pretrial services report also states that Defendant was charged on July 10, 2004 by the Chicago Heights, Illinois, Police Department with aggravated criminal sexual abuse. When the pretrial services report was prepared, however, the disposition of that case was unknown. Similarly, on January 25, 2008, Defendant was allegedly charged with aggravated criminal sexual assault by the Zion, Illinois, Police Department, with a similar charge allegedly made on October 22, 2008. The dispositions of those charges are

unknown, and at the instant hearing Ms. Kelly suggested that they may not relate to Defendant.

## DISCUSSION

The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143(a). A person who has been found guilty of an offense and who is awaiting imposition of sentence must be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." At the time of hearing, the parties agreed that since Defendant's guilty plea has been accepted by Chief Judge Reade, the burden of proof lies with Defendant.

In determining whether a person is not likely to flee or pose a danger to the community if released, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with failure to register as a sex offender. In this case, the "weight of the evidence" has been conclusively established. That is, Defendant has pleaded guilty to the charge, and his guilty plea has been accepted by Chief Judge Reade. Defendant was convicted of three counts of criminal sexual assault in 1991, with the victim under the age of 13, and one count of criminal sexual abuse in 2006, again with a victim under the age of 13. It is apparently undisputed

that Defendant failed to register as a sex offender in either Iowa or Illinois following his conviction for criminal sexual abuse in Coles County in 2006. Given Defendant's history of sexually assaulting young girls, when his whereabouts are unknown it constitutes a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Defendant has not met his burden of proving by clear and convincing evidence that he is not likely to flee or pose a danger to the community if released prior to sentencing. Therefore, pursuant to 18 U.S.C. § 3143(a), the Court concludes that Defendant should be detained prior to sentencing. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (docket number 27) is **DENIED**. Defendant shall remain detained pending sentencing.

DATED this 26th day of May, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA